UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER | CIVIL ACTION |
| VERSUS | NO. 18-8177 |
| JERRY WAYNE KELLY, JR. ET AL. | SECTION "R" (2) |

**ORDER ON MOTION**

APPEARANCES: None (on the record)

MOTION: Plaintiff's Motion to Quash Defendants' Motion to Compel, Record Doc. No. 80

O R D E R E D:

XXX : DENIED. Plaintiff seeks to quash defendant's motion to compel, Record Doc. No. 78, because it was untimely. Record Doc. No. 80 at p. 1. Where–as here–the court has entered a scheduling order setting a deadline for filing pretrial motions, Record Doc. Nos. 32 at pp. 1–2 and 33, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC, 2014 WL 80722, at *2 (N.D. Tex. Jan. 9, 2014) (quotation omitted) (citing S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)); accord Borden v. United States, 537 F. App'x 570, 574 (5th Cir. 2013) (citing Reliance Ins. Co. v. La. Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997); Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

  In this case, the last day for filing non-evidentiary pretrial motions was December 3, 2019, to permit submission on the deadline of December 18, 2019. Record Doc. No. 32 at p. 1; Local Rule 7.2. The deadline lapsed without being extended. Thus, in this matter, Rule 16(b) governs defendants' motion to compel, which requires that defendants establish "good cause" for the untimely filing.

  Weighing the Rule 16 factors, I find that defendants have established good cause to extend the motions filing deadline. The explanation for the late filing is that the parties "were engaged in active discovery negotiations as evidenced by" exhibits to the motion to compel, Record Doc. Nos. 78-9, 78-10, 78-11, 78-12, 78-13, 78-14, 78-18, 78-20, 78-

22. These exhibits demonstrate ongoing efforts of the type required by Fed. R. Civ. P. 37(a)(1) concerning the information sought in the underlying motion to compel. Thus, defendants' explanation is persuasive, and this factor weighs in favor of a finding of good cause. As to importance, the motion to compel is important to completion of the discovery phase of the case so that this contentious matter may move toward resolution. This factor also weighs in favor of a finding of good cause. As to the third factor, having reviewed separately the motion to compel, I find little prejudice to plaintiff in extending the deadline. A continuance appears unnecessary to cure this slight prejudice. On balance, the Rule 16 factors militate in favor of a finding of good cause to permit the filing of the motion to compel after deadline. An order addressing the motion to compel, Record Doc. No. 78, will be separately entered.

New Orleans, Louisiana, this \_\_\_8th\_\_\_ day of January, 2020.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE